SAMUEL, Judge.
This is the judicial liquidation of a small insurance agency partnership composed of Owen F. Murphy and Shepherd L. Shelton, Jr., formerly doing business under the name of “Arlington Insurance .Agency”. The partnership had been terminated and it is insolvent. On motion of the liquidator, the court ordered the sale of -the partnership assets “ * * * at public auction in the manner provided for by law after all requisites of law have been met providing for said sale”.
The Civil Sheriff of the Parish of Orleans conducted the sale which was advertised in a New Orleans newspaper. The boldface heading of the advertisement contained these words: “SALE BY CIVIL SHERIFF JUDICIAL ADVERTISEMENT OFFICE EQUIPMENT AND 1964 D.K.W. AUTOMOBILE”. The body of the advertisement was in smaller type. After giving the time and place of the sale and the title and number of the suit, it stated that at said time and place the sheriff would proceed to sell “ * * * the following described property, to wit:”. Thereafter, also in smaller type, the advertisement described with particularity the physical assets of the partnership, filing cabinets, chairs, desks, adding and calculating machines, and the automobile mentioned in the heading. The description of the property to be sold ends with the words “ * * * all accounts receivable, etc.”. With the sole exception of some cash in a New Orleans bank, the property described in the advertisement includes all of the partnership property inventoried in this proceeding.
On the advertised date of the sale, and less than one-half hour before the time the sale was to take place, counsel for the partner Murphy, the appellant, handed the civil sheriff a letter stating he opposed the sale of any of the partnership assets other than those expressly described in the published advertisement and particularly that he opposed the sale of any rights in the trade name of the partnership, he later refers to these rights as “good will”, and of those records of the partnership which relate to expiration dates of policies, which he latei refers to as “renewal records”. The attorney also orally opposed the sale of those items. In response to this objection the liquidator and the sheriff made up a separate lot which included only the trade name, the good will and the renewal records. Since those items had not been inventoried, no value was placed on the lot. The addition of this lot made a total of 22 lots which were offered first individually and then in globo. The minimum bid in the in globo sale was fixed at the tota’ amount *366 of the bids received on the 22 individual lots. The best price bid on the in globo offer was greater than the total of the bids on the individual lots, the ' in globo price was accepted, and the property was adjudicated to the other partner Shelton, the appellee, who had been the highest in globo bidder. We are informed by counsel that $25 was the highest and only hid on the individual lot composed of the contested items.
The appellant then filed a rule to have the sale of the good will, the records of all insurance issued by the partnership, particularly expiration dates, and the trade name of the partnership declared null and void. He has prosecuted this appeal from a judgment dismissing the rule.
In this court appellant contends the sale of the contested items is null because no notice by publication of the sale of these items was given and because the same were never inventoried. Appellee argues that the rule and the appeal are only part of a series of steps taken by appellant to delay the conclusion of the liquidation, that appellant had ample opportunity to cause the contested items to be inventoried, advertised and ordered sold prior to the issuance of the court order to sell, which order contemplated the sale of all of the assets of the partnership, and in any event, the record establishes that the contested items were of no value.
Although we are inclined to agree with appellee’s argument that, without good reason, appellant is and has been delaying the progress of the liquidation, we cannot hold the sale valid. From our reading of the record it does appear that the appellant consistently has thrown obstacles into the path of the completion of the liquidation. To give only one example, and there are others, it is a fact that his attorney appeared in the inventory as a witness and did not call attention to the good will, the trade name or the renewal records even when all appearers were asked by the notary if they knew of any other partnership property which should be inventoried. And the record does indicate that the three contested items have little if any value. The renewal records, which ordinarily would have some value, have lost all or most of that value as a result of the fact that to the date of trial those records have been available to the litigants, one or both of whom originally wrote the various policies, and both litigants have remained active in the insurance business. But while it is possible that the contested items have no value at all, we are unable to reach that conclusion from the record.
We are of the opinion that there is here an absence of publication of notice which alone ordinarily would require that the sale be declared null and void. Such a publication is necessary in this judicial sale (see LSA-R.S. 43:202, 13:4343 and 13:4406) and appellee does not contend otherwise. That the advertisement which constitutes notice of the sale must include a description of the property to be sold is axiomatic. In the instant case the three contested items are not described or mentioned in the advertisement which, according to its heading, purports to give notice only of the sale of office equipment and an automobile. Clearly, no notice has ever been given of the sale of the contested items.
However, appellant is not entitled to the relief he seeks by this appeal, the nullity of the sale only as it applies to the contested items. We cannot declare null and void only a portion of the in globo sale. Appellee’s purchase included in the one price bid all of the assets of the partnership which were advertised and it also included the contested items. He is entitled to receive all of those items upon paying the amount he bid. He cannot be required to pay the full purchase price and be forced to accept in return therefor only a portion of the items he purchased. Since we do not know the value of the contested items, *367 if in fact they have any value at all, we prefer to hand down a decree which will give appellee the opportunity of accepting the sale, excluding therefrom the three contested items, at the in globo price for which the adjudication was made or of withdrawing therefrom.
We have given careful consideration to the question of taxing costs under LSA-C.C.P. Art. 2164, which article permits us to tax all or any part of the costs of the lower or appellate court against any party to the suit as in our judgment may be considered equitable. Despite the fact that the appellant in this case has been partially successful (he seeks nullity of the sale only as to the contested items), and because of all the facts and circumstances here present, particularly our conviction that the value of the contested items, at most, is so small as to be of no consequence and insufficient to cover the cost of another sale, even a sale of those items alone, we have decided to tax the appellant with the costs of this appeal and with those costs resulting from the trial of his rule in the District Court.
For the reasons assigned, the judgment appealed from is annulled and avoided and the matter is remanded to the Civil District Court for the Parish of Orleans for the purpose of giving appellee and ad-judicatee, Shepherd L. Shelton, Jr., the opportunity of accepting the sale, excluding therefrom the three contested items, at the in globo price for which the adjudication was made, said sale to be held valid in the event appellee so accepts and to be declared null and void should appellee prefer to withdraw therefrom, all in accordance with law and in conformity with the views expressed in this opinion; all costs of this appeal and all costs in the District Court resulting from the trial of appellant’s rule to annul to be paid by appellant, Owen F. Murphy.
Annulled and remanded.